Bay, J.
In my opinion, this was not an usurious transaction ; but a fair and just one. There can be no doubt, but that if the plaintiff had added the accruing interest, between the 1st January, 1811, and the date of the note, 22d June, 1812, and taken the note for the aggregate sum of both principal and interest, it would have been good and valid; and I can see no substantia] difference between such a note, and the one in question; which refers back to the period when the interest on the principa] sum commenced, with a promise to pay it. If there had been no previous transactions between the parties, nor any custom to warrant the payment of interest, then indeed it might have been considered as an usurious note: because it would have had the appearance of a shift or pretext, to pay more than legal interest. But in the instance before us, it appears fair and honorable on both sides ; and the custom, or usual course of trade in that part of the country, seems to be a reason, able one.
1 will not pretend to say, that such a custom in a neighborhood, or a part of the country, will constitute such a custom as to make it a part of the law’ of the land, to pay interest on open accounts after the end of the year ; for the uniform decisions of the courts have been'to the contrary. But if a man will voluntarily bind himself to pay interest, because the custom is a reasonable and just ■one, he ought to be bound by it: and the law will hold him to his express contract. I am, therefore, against the motion, and think the decree should stand confirmed.
Nott, Grimke, Smith, Brevard, and Colcock, Js., concurred.